# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

JASON GOLDSBY,

          Plaintiff,

vs.

CITY OF HENDERSON POLICE, *et al.*,

          Defendants.

2:18-cv-01912-GMN-VCF

**ORDER**

APPLICATION TO PROCEED IN FORMA PAUPERIS [ECF NO. 5] AND MOTION TO AMEND [ECF NO. 6]

Before the Court are pro se Plaintiff Jason Goldsby's application to proceed *in forma pauperis* (ECF No. 5) and Motion to Amend (ECF No. 6). For the following reasons, Plaintiff's *in forma pauperis* application is granted, the motion to amend is denied as moot, and the complaint is dismissed without prejudice.

## BACKGROUND

Plaintiff alleges that he was arrested without a warrant on October 7, 2016. (ECF No. 6-1 at 2). Two officers used excessive force to arrest him while another officer watched. (*Id.*). Plaintiff was taken in for questioning without medical treatment or being given any *Miranda* warnings. (*Id.* at 3, 7). During Plaintiff's four-day wait to be brought before a Magistrate Judge, the U.S. Marshals took Plaintiff's bloody shirt from the arrest and threw it away. (*Id.* at 7).

Plaintiff submitted an *in forma pauperis* application and complaint on October 3, 2018. (ECF No. 1, 1-1). The Court denied the *in forma pauperis* application for missing information and stated that "Plaintiff should consider filing an amended complaint should he file a completed application." (ECF No. 4 at 4). Plaintiff submitted a new *in forma pauperis* application on November 26, 2018. (ECF No. 5). Plaintiff also filed a motion to amend the complaint on November 28, 2018. (ECF No. 6).

1

Plaintiff's original complaint (ECF No. 1-1) was not filed because the Court denied Plaintiff's application to proceed *in forma pauperis*. Therefore, Plaintiff does not need to file a motion to amend his complaint. The Court now denies the motion to amend as moot. However, the Court will evaluate Plaintiff's new complaint (ECF No. 6-1) as part of the *in forma pauperis* screening process.

## DISCUSSION

### I. Plaintiff's Application to Proceed *In Forma Pauperis* is Incomplete

A plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit demonstrating that the plaintiff is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff is currently incarcerated. (ECF No. 5 at 1). Plaintiff currently has no assets, and his latest inmate account balance was $0.32. (*Id.* at 2-9). Thus, Plaintiff's application to proceed *in forma pauperis* is granted.

### II. Plaintiff's Complaint

Under 28 U.S.C. § 1915, once the Court grants an application to proceed *in forma pauperis*, the Court must review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8 mandates that a claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To meet Rule 8's burden, a complaint must contain "sufficient factual matter" establishing that the claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Courts must liberally construe pleadings drafted by pro se litigants. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.

2000) "However, a liberal interpretation of a civil rights complaint may not supply the essential elements of the claim that were not initially pled." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's Count 1 alleges an arrest without probable cause and failure to file a complaint, delay in bringing Plaintiff before a Magistrate Judge, and violation of Plaintiff's *Miranda* rights. (ECF No. 6-1 at 3). The complaint has enough details to proceed on a false arrest claim. "[A]n arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." *Borunda v. Richmond,* 885 F.2d 1384, 1391 (9th Cir.1988). However, the Court has already expressed concern with Plaintiff's allegations regarding any delay in appearing before a Magistrate Judge (ECF No. 4 at 3), and the "failure to read *Miranda* warnings…[does] not violate…constitutional rights and cannot be grounds for a § 1983 action." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003).

Plaintiff's Count 2 alleges officers used excessive force in arresting Plaintiff. (ECF No. 6-1 at 4). The complaint had enough details to proceed on Count 2. *See Fontana v. Haskin*, 262 F.3d 871, 878-79 (9th Cir. 2001).

Plaintiff's Count 3 alleges that Defendants Det. Lynaugh and Sgt. Hart conspired to violate Plaintiff's rights, violating 42 U.S.C. § 1985(3). (ECF No. 6-1 at 5). While this claim could be considered duplicative, since it closely mirrors Plaintiff's excessive force claim, the complaint contains enough detail to proceed on Count 3 at this point.

Plaintiff's Count 4 alleges Defendant Sgt. Peterson watched Plaintiff's arrest and neglected to prevent the excessive force used to arrest Plaintiff. (ECF No. 6-1 at 5-6). Under 42 U.S.C. § 1986, "[e]very person who, having knowledge that any of the wrongs conspired to be done…are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable." In addition, an officer is liable for failing to intervene in a constitutional violation committed by another officer if there is a realistic opportunity to intercede. *Cunningham v. Gates*, 229 F.3d 1271, 1290 (9th Cir. 2000), as amended (Oct. 31, 2000). The complaint contains enough detail to proceed on Count 4.

Plaintiff's Counts 5, 6, and 9 assert that Henderson Police Department, Las Vegas Metropolitan Police Department, and the U.S. Marshals Service are "responsible for the imputed negligence" of their agents. (ECF No. 6-1 at 6-8). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Therefore, Counts 5, 6, and 9 are not properly pled in the complaint. However, Count 10 alleges that the Henderson Police Department's use of force policy contributed to the excessive force used in Plaintiff's arrest. (ECF No. 6-1 at 9). Municipalities can be held liable if "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. Therefore, the complaint contains enough detail to proceed on Count 10.

Plaintiff's Count 7 alleges Henderson's fire department neglected a duty to provide Plaintiff with reasonable medical treatment. (ECF No. 6-1 at 7). It is unclear if Plaintiff is claiming a constitutional violation or a state law negligence claim.[1] If Plaintiff is bringing a constitutional claim, the claim fails for the reasons discussed in Counts 5, 6, and 9. "In Nevada, 'to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages.'" *Contreras v. Am. Family Mut. Ins. Co.*, 135 F. Supp. 3d 1208, 1220 (D. Nev. 2015) (quoting *Sanchez ex rel. Sanchez v. Wal–Mart Stores, Inc.,* 125 Nev. 818, 221 P.3d 1276, 1280 (2009)). The complaint does not contain enough detail to support a state law negligence claim in Count 7.

Plaintiff's Count 8 alleges that multiple U.S. Marshals destroyed evidence of the excessive force used against Plaintiff, specifically a bloody shirt. (ECF No. 6-1 at 7). Plaintiff does not cite a specific constitutional right that this action violated. It is possible that destruction of evidence could implicate a constitutional right, *see Peterson v. Miranda*, 991 F. Supp. 2d 1109, 1116-17 (D. Nev.), *on*

---

[1] Though a state law claim does not pose a federal question, it is possible the Court would have supplemental jurisdiction over it. 28 U.S.C. § 1367(a).

4

*reconsideration in part,* 57 F. Supp. 3d 1271 (D. Nev. 2014), but the complaint does not contain enough detail regarding Count 8 at this time.

Because of the deficiencies noted above, the Court orders that Plaintiff's complaint be dismissed without prejudice. If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Several of the deficiencies in the complaint, such as Counts 7 and 8, may be cured by amendment. Therefore, Plaintiff will be given an opportunity to amend his complaint. Should Plaintiff choose not to amend the complaint, the Court will recommend that the case proceed forward on the false arrest claim in Count 1 and Counts 2, 3, 4, and 10; and that the claims for delay in bringing Plaintiff before a Magistrate Judge and violation of Plaintiff's *Miranda* rights in Count 1 and Counts 5-9 be dismissed with prejudice.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is granted. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status will not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Corrections Corporation of America/CoreCivic ("CCA") pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Jason Goldsby, #53643-048 (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCA Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate

Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk will send a copy of this order to the CCA Accounting Supervisor, 2190 East Mesquite Avenue, Pahrump, Nevada, 89060. Even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint. (ECF No. 6-1).

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until January 18, 2019 to file a Second Amended Complaint. Failure to timely file a Second Amended Complaint will result in a recommendation that the case proceed forward on the false arrest claim in Count 1 and Counts 2, 3, 4, and 10; and that the claims for delay in bringing Plaintiff before a Magistrate Judge and violation of Plaintiff's *Miranda* rights in Count 1 and Counts 5-9 be dismissed with prejudice

IT IS FURTHER ORDERED that if a Second Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Second Amended Complaint. The Court will issue a screening order on the Second Amended Complaint and address the issuance of Summons at that time, if applicable.

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order

and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 10th day of December, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE