**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JASON GOLDSBY,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY OF HENDERSON POLICE, *et al*.,<br><br>           Defendants. | 2:18-cv-01912-GMN-VCF<br>**ORDER**<br><br>AMENDED COMPLAINT [ECF NO. 9] |

Before the Court is *pro se* Plaintiff Jason Goldsby's Amended Complaint. (ECF No. 9). Goldsby's motion to proceed *in forma pauperis* has already been granted (ECF No. 7), but his previous complaint was dismissed with leave to amend. For the reasons stated below, Goldsby may proceed in this action with his amended complaint.

Under 28 U.S.C. § 1915, once the Court grants an application to proceed *in forma pauperis*, the Court must review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8 mandates that a claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To meet Rule 8's burden, a complaint must contain "sufficient factual matter" establishing that the claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

The Court determined that Goldsby's previous complaint contained sufficient detail to proceed on Counts 1-4 and 10. (ECF No. 7 at 3-4). Goldsby's Amended Complaint only contains the claims that the Court previously determined had enough detail to proceed. (*Compare* ECF No. 6-1 at 3-6 and 8-9 to ECF

No. 9 at 3-7). The Amended Complaint removes the claims and defendants that the Court previously expressed concerns with. (ECF No. 7 at 4-5). Therefore, the Amended Complaint may proceed.

However, the Court notes that Goldsby failed to sign the complaint. (ECF No. 9 at 13). "Every pleading, written motion, and other paper must be signed…by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Once Goldsby signs the Amended Complaint, the case can proceed in the normal course.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Clerk of Court send to Goldsby a copy of the Amended Complaint (ECF No. 9) for him to sign. Goldsby must file a signed copy of the Amended Complaint by February 15, 2019.

IT IS FURTHER ORDERED that once Goldsby files a signed copy of the Amended Complaint, the Clerk of the Court shall issue summons to the named defendants and deliver same with copies of the signed Amended Complaint to the U.S. Marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date that the Complaint was filed.

IT IS FURTHER ORDERED that henceforth plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge

1  or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

.

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 14th day of January, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE