# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

JASON GOLDSBY,

    Plaintiff,

vs.

CITY OF HENDERSON POLICE DEPARTMENT, *et al.*,

    Defendants.

2:18−cv−01912−GMN−VCF

**ORDER**

MOTION TO STRIKE [ECF NO. 17]; MOTION TO EXTEND TIME [ECF NO. 28].

Before the Court are plaintiff Jason Goldsby's motion to strike (ECF No. 17) and his motion to extend time (ECF No. 28). Plaintiff's motions are denied.

**I. BACKGROUND**

On January 4, 2019, plaintiff, a *pro se* litigant, filed the operative amended complaint pursuant to 42 USC 1983, 1985, and 1986 for violations of the Fourth Amendment. (ECF No. 9). On March 4, 2019, defendants the City of Henderson Police, Sgt. Robert Hart #353, and Det. Douglas Lynaugh #1554 filed their answer and affirmative defenses. (ECF No. 15). On March 18, 2019, plaintiff filed his motion to strike the defendants' answer. (ECF No. 17). On April 1, 2019, defendants filed their opposition to plaintiff's motion to strike their answer. (ECF No. 19). Plaintiff did not file a reply. On April 16, 2019, this Court entered a discovery plan and scheduling order, ordering that, "discovery shall be completed on or before **September 3, 2019**." (ECF 24 at 1) (emphasis in original). The scheduling order also stated that:

> EXTENSIONS OF DISCOVERY: Pursuant to LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery shall be received by the Court at least twenty-one (21)

1

> days prior to the date fixed for completion of discovery by this Scheduling Order, or at least twenty-one (21) days prior to the expiration of any extension thereof that may have been approved by the Court.

(*Id*. at 2). The scheduling order also stated that dispositive motions must be filed by October 3, 2019. (*Id.*) On September 27, 2019, plaintiff filed his motion requesting leave of court to extend time to continue discovery. (ECF No. 28). Plaintiff also asks this Court to compel responses to written discovery within the motion requesting an extension of time. (*Id*. at 2). On October 2, defendants filed their motion for summary judgment, which is pending before the Court. (ECF No. 29). On October 10, 2019 the defendants filed its opposition to plaintiff's motion requesting an extension of time. (ECF No. 32). Plaintiff did not file a reply.

Plaintiff argues in his motion to strike that all the defendants' affirmative defenses fail, and he gives detailed factual explanations regarding why each of the 31 defenses fail. (ECF No. 17 at 16). Defendants argue that their answer and affirmative defenses are proper because they have provided a reasonable response to the allegations in the complaint and that each defense provides fair notice. (ECF 19 at 3).

Plaintiff argues in his motion requesting leave to continue discovery that plaintiff needs discovery to be extended because defendants have refused to respond to plaintiff's written discovery. (ECF No. 28 at 4). Defendants argue in their opposition that plaintiff's underlying requests for admission were untimely because they were served less than 30 days before the discovery deadline. (ECF No. 32 at 2). Defendants also argue that plaintiff filed his discovery motion 21-days after the expiration of the discovery deadline and failed to show good cause or excusable neglect. (*Id.*) Defendants also argue that plaintiff failed to meet and confer. (*Id.*)

//

//

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

A matter stricken under Rule 12(f) must be either: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. *Whittlestone, Inc.*, 618 F.3d at 973-74. Whether to grant a motion to strike lies within the discretion of the district court. *Id.* at 973. "A [Rule] 12(f) motion is a drastic remedy and is generally disfavored by federal courts." *Nevada Fair Housing Center, Inc. v. Clark County*, 565 F. Supp. 2d 1178, 1187 (D. Nev. 2008). The District of Nevada has expressly declined to adopt the *Twombly*[1] and *Iqbal*[2] standard in determining whether to strike an affirmative defense. *Garity v. Donahoe*, No. 2:11-cv-01805-MMD-PAL, 2014 U.S. Dist. LEXIS 17912 at 7 (D. Nev. Feb. 11, 2014), citing to *Ferring B.V. v. Watson Labs., Inc.*, No. 3:11-cv-00481-RCJ-VPC, 2012 U.S. Dist. LEXIS 23616 at 2 (D. Nev. Feb. 24, 2012). "The key to determining the sufficiency of pleading an affirmative defense [pursuant to Federal Rule of Civil Procedure 8(c)] is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); citing to *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); 5 Wright & Miller Federal Practice and Procedure, § 1274 at 323.

"Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders…

---

[1] See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).
[2] See *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

3

it provides that "[a] schedule may be modified only for good cause and with the judge's consent." *Terrell v. Cent. Washington Asphalt, Inc.*, No. 2:11-CV-142-APG-VCF, 2015 WL 461823, at 4 (D. Nev. Feb. 4, 2015), objections overruled, (D. Nev. July 20, 2015) (citing Fed. R. Civ. P. 16(b)(4)). Local Rule 26-7 (c) states that, "[d]iscovery motions will not be considered unless the movant (1) has made a goodfaith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion and (2) includes a declaration setting forth the details and results of the meet-and confer conference about each disputed discovery request."

Rule 26-4 states,

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

See LR 26-4. "Courts consider four factors when determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *McGowan v. Credit Mgmt. LP*, No. 2:14-CV-00759-APG, 2015 WL 5682736, at 14 (D. Nev. Sept. 24, 2015) (citing *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citations omitted)); see also *Walls v. Corecivic, Inc.*, No. 2:14-CV-02201-KJD-PAL, 2018 WL 3973401, at 3 (D. Nev. Aug. 17, 2018) (denying motion requesting leave to amend where *pro se* litigant filed after discovery closed).

"A document filed *pro se* is "to be liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

4

U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). "Pro se litigants must follow the same rules of procedure that govern other litigants." *Brown v. United States*, No. 95-56804, 1996 U.S. App. LEXIS 32790, at 1 (9th Cir. Dec. 5, 1996): citing to *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

## III. DISCUSSION

Plaintiff asks the Court to strike all 31 of defendants' affirmative defenses: for each affirmative defense, he argues the facts of his case to show why each defense will ultimately fail. (ECF 17 at 5-16). Plaintiff's detailed factual arguments regarding each affirmative defense illustrates that plaintiff has fair notice of each defense, as required by Rule 8(c). Adjudicating each of defendants' 31 affirmative defenses risks wasting judicial resources. "Rule 12(f) was designed to advance Rule 1's goals of securing 'the just, speedy, and inexpensive determination of every action' by 'avoid[ing] the expenditure of time and money that must arise from litigating spurious issues.'" *FTC v. AMG Servs.*, No. 2:12-cv-536-GMN-VCF, 2014 U.S. Dist. LEXIS 152864, at 28 (D. Nev. Oct. 27, 2014); citing to *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983*); United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) (Ret. Justice Clark). In 2015, Rule 1 was, "amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way." USCS Fed Rules Civ Proc R 1, Notes of Advisory Committee on 2015 Amendments. These goals are rarely attained by a motion to strike. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). The Court finds that the plaintiff has fair notice of each defense and denies the motion to strike.

Plaintiff made no attempt to meet and confer with the defendants regarding the discovery dispute; pursuant to Local Rule 26-7(c), this Court need not consider plaintiff's motion. Plaintiff filed his discovery motion 21 days after the discovery cut-off date, despite this Court's explicit order that all

5

requests for extensions of discovery must be filed, "twenty-one (21) days prior to the expiration of any extension thereof that may have been approved by the Court." (ECF 24 at 1). Even using the liberal pleading standard for *pro se* litigants, plaintiff has not made a showing of excusable neglect for filing a late discovery motion. The danger of prejudice to the opposing party is great given that the deadline for dispositive motions has passed and defendants' motion for summary judgment is fully briefed and pending before the Court. (ECF Nos. 29, 33, 34, and 35). Reopening discovery will greatly delay the proceedings. Plaintiff's reason for the delay is unjustified because he served his written discovery late. Plaintiff has not shown that he has acted in good faith given that he has not followed the rules of this Court and did not communicate with the defendants to attempt to resolve the discovery dispute. Plaintiff could have addressed these deficiencies in a reply, but he did not file one.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff Jason Goldsby's motion to strike (ECF No. 17) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to extend time (ECF No. 28) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of November 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE